UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY K. MAGNOTTA,
Individually, and on Behalf
of All Others Similarly
Situated,

        Plaintiff,

v.

**ORDER**
Civil File No. 06-4228 (MJD/RLE)

STEARNS BANK, NATIONAL
ASSOCIATION,

        Defendant.

Robert D. Brownson, Brownson & Ballau, PLLP, on behalf of Plaintiff.

Joseph J. Mihalek, Fryberger Buchanen Smith & Frederick, PA, on behalf of Defendant.

## I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss [Doc. No. 4]. Oral argument was heard on February 2, 2007.

## II. BACKGROUND

The following recitation of the facts takes all the facts in the Complaint as true. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

On May 5, 2006, Plaintiff borrowed $3000 from Defendant, and secured the loan with a motorcycle. (Compl. ¶ 11.) The loan was for a term of thirty-six

1

months, the original interest rate was 8.140 percent, and the monthly payments on the principal and interest were $96.28 a month. (<u>Id.</u>; Compl. Ex. A at 1.) As a condition of receiving the loan, Plaintiff was required to pay a Prepaid Finance Charge of $57.00, which was added to the principal of the loan. (<u>Id.</u>) The Disclosure Statement provides the following:

> Prepaid Finance Charges: $57.00
>     Financed: $57.00
>         $55.00    LOAN ADMINISTRATION FEE
>         $ 2.00    HMDA CENSUS

(<u>Id.</u>) In addition, a one-time Grant Fee of $10.50 was also added to the principal, bringing the total principal loan amount to $3067.50. (<u>Id.</u>) After including all the various costs in the principal, Plaintiff's interest rate became 9.425 percent on the principal amount borrowed. (<u>Id.</u>)

    The promissory note executed at the time Plaintiff received the loan provides that in the event of prepayment, Plaintiff "may be entitled to a refund of part of the prepaid finance charges, and [Plaintiff] will not have to pay a penalty." (<u>Id.</u> at 2.) The promissory note further provides that "[t]o the extent not preempted by federal law, this loan is made under Minnesota Statutes, Section 47.59." (<u>Id.</u> at 3.)

    On August 14, 2006, Plaintiff prepaid the loan in full. Plaintiff received no refund for any of his prepaid finance charge when he prepaid the loan. According

2

to Plaintiff, prepaying his loan resulted in his paying an annual interest rate on his loan greater than what is provided for in the original loan documents.

Although Plaintiff never sought a refund for any interest at the time he paid off the loan, Plaintiff filed the instant lawsuit on behalf of himself and others similarly situated asserting that he paid a total of $31.93 in interest on the loan before he paid it off, and that since he did not receive a refund or credit on the prepayment amount, the annual percentage rate on the loan was usurious under 12 U.S.C. § 85.  (Compl. ¶ 17.)  Plaintiff further alleges that Defendant has failed to properly refund "several thousand" other customers who prepaid their loans. (Id. ¶ 24.)  Thus, Plaintiff alleges that Defendant "knowingly, and willfully, charged, and continues to knowingly and willfully charge, an excessive, illegal, and usurious interest rate on loans made to Plaintiff, and members of the Class, all in violation of 12 U.S.C. § 85."  (Id. ¶ 44.)

### III.   DISCUSSION

#### A.   Legal Standard

The Court must construe the allegations in the pleadings in a light most favorable to the nonmovant, including taking the facts alleged in the Complaint as true.  Westcott, 901 F.2d at 1488.  The Complaint should be liberally construed in Plaintiff's favor and should not be dismissed under Rule 12(b)(6) unless it appears that Plaintiff can prove "no set of facts which would entitle him to relief."  Id.

3

Under this standard, dismissal is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Gephardt v. ConAgra Foods, Inc., 335 F.3d 824, 829 (8th Cir. 2003) (quoting Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997)).  A court may consider materials necessarily embraced by the pleadings and materials that are part of the public record.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).

**B.**     **Preemption**

Under 12 U.S.C. § 85, national banks are prohibited from knowingly charging or receiving interest rates greater than the "rate allowed by the laws of the State . . . where the bank is located."  The federal remedy for usurious interest paid on bank loans is found in 12 U.S.C. § 86, and provides that an aggrieved party who has already paid interest may recover "twice the amount of interest thus paid."  Id.

Federal law preempts state law with respect to usury claims against national banks.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 11 (2003) (holding that "there is, in short, no such thing as a state-law claim of usury against a national bank").  Accordingly, the provisions of 12 U.S.C. §§ 85 and 86 "supercede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive."  Id. at 11.

Defendant is a national bank, and the interest rates that Defendant can charge are thus governed by federal law.  <u>Marquette Nat'l Bank of Minneapolis v. First of Omaha Serv. Corp.</u>, 439 U.S. 299, 308 (1978) (citation omitted).  With respect to usury claims against national banks, state law provides only the maximum rate of interest that can be charged by the bank, and the rest of the claim is governed by federal law.  <u>Beneficial Nat'l Bank</u>, 539 U.S. at 10 (citing <u>Evans v. Nat'l Bank of Savannah</u>, 251 U.S. 108, 114 (1919)).

In Minnesota, for loans of the type at issue here, banks can charge a maximum annual percentage rate "not exceeding 21.75 percent."  Minn. Stat. § 47.59, subd. 3(a).

### C. **Whether the Charge Was "Interest"**

Plaintiff's case is premised on the prepaid finance charges he paid. Specifically, Plaintiff asserts that he paid a total of $31.93 in interest on the loan before he paid it off, and that since he did not receive a refund or credit on the prepayment, the interest rate was usurious.  Defendant responds that the charge was not interest under the applicable statutes, and thus cannot provide the basis for a finding of usury.

The Supreme Court defers to the Comptroller of Currency with regard to the meaning of the country's banking laws.  <u>Smiley v. Citibank</u>, 517 U.S. 735, 739

5

(1996) (citing <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842-45 (1984)).  The Comptroller defines interest in the following way:

> "[I]nterest" as used in 12 U.S.C. 85 includes any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or any default or breach by a borrower of a condition upon which credit was extended. It includes, among other things, the following fees connected with credit extension or availability: numerical periodic rates, late fees, creditor-imposed not sufficient funds (NSF) fees charged when a borrower tenders payment on a debt with a check drawn on insufficient funds, overlimit fees, annual fees, cash advance fees, and membership fees. It does <u>not ordinarily include</u> appraisal fees, premiums and commissions attributable to insurance guaranteeing repayment of any extension of credit, finders' fees, <u>fees for document preparation</u> or notarization, or fees incurred to obtain credit reports.

12 C.F.R. § 7.4001(a) (emphasis added).

The payment at issue is called a "Prepaid Finance Charge" in the loan documents.  Under Minn. Stat. § 47.59, subd. 1(j), "finance charge" is given the meaning from 12 C.F.R. § 226, with certain exceptions.  A prepaid finance charge is "any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit." 12 C.F.R. § 226.4(a).  Finance charges include interest.  12 C.F.R. §226.4(b)(1).  A fee that is only charged to successful loan applicants is a finance charge.  <u>Oiciyapi Fed. Credit Union v. Nat'l Credit Union Admin.</u>, 936 F.2d 1007, 1009 n.1 (8th Cir. 1991).

Plaintiff argues that since the prepaid finance charge was only charged to successful loan applicants, it is a finance charge under federal law that should be calculated into the interest Plaintiff paid on the loan.

Defendant responds that the charge was a "loan documentation fee" that is specifically not included in the Comptroller's definition of interest. Defendant notes that on the Disclosure Statement, the Prepaid Finance Charge is broken into two parts: $55.00 for "LOAN ADMINISTRATION FEE" and $2 for something called "HMDA CENSUS." (Compl. Ex. A at 1.) Defendant argues that it did this not because it admits that the total fee is interest, but rather because Minnesota disclosure law requires the financed closing costs to be included in the finance charge for purposes of the Truth in Lending disclosure.

At this juncture, the Court must accept the allegations in the Complaint as true. Thus, although a fact question may exist as to the true purpose of this charge, the Court will treat it as interest for purposes of this motion. Defendant's own documents characterized the fee as a prepaid finance charge which qualifies as interest under 12 C.F.R. § 7.4001(a). Thus, the $31.93 payment is interest, and the case need not be dismissed on the basis that it is not.

    **D.**    **Whether the Interest Rate Was Lower Than the Maximum Rate Permitted Under Minnesota Law**

        **1.**    **Minn. Stat. § 47.59 subd. 3(f)**

As discussed above, the federal courts look to state law to determine the maximum legal interest rate. Under Minn. Stat. § 47.59 subd. 3(a), the maximum interest rate is 21.75%.

Plaintiff avers that for purposes of determining usury, the Court must consider not only the maximum interest rate under subd. 3(a), but also the interest cap discussed in subd. 3(f) of the same statute. That section provides the following:

> [I]f the finance charge is calculated or collected in advance, or included in the principal amount of the loan, and the borrower prepays the loan in full, the financial institution <u>shall</u> credit the borrower with a refund of the charge to the extent the annual percentage rate yield on the loan would exceed the annual percentage rate on the loan as originally determined under paragraph (a) and taking into account the prepayment.

Minn. Stat. § 47.59, subd. 3(f) (emphasis added). Plaintiff argues that under this statute, $31.93 of the $57 fee was interest that should have been refunded when he prepaid the loan, and that Defendant had to refund a portion of the Prepaid Finance Charge, sufficient to not increase the rate to one higher than the rate contained in the original loan documents. Failure to provide this refund, argues Plaintiff, is usury, even though the final interest rate does not exceed 21.75 percent.

The Court agrees with Plaintiff that Subd. 3(f) is part of the same statute that sets the top interest rate that lenders can charge.  12 U.S.C. § 85 prohibits any interest in excess of the "the rate allowed by the State," and subdivision 3(f) provides an additional cap in the case of prepayment.  It contains the directive that lenders <u>shall</u> reimburse interest payments.  Thus, subdivision 3(f) is not optional, and must be considered by the Court when determining whether Defendant is guilty of usury.

The Court finds, however, that Plaintiff misconstrues subdivision 3(f).  Subdivision 3(f) refers specifically to subdivision 3(a) which provides that lenders may charge interest "not to exceed 21.75%."  Subdivision 3(a) does not state that lenders may charge interest "not to exceed the amount originally contracted for."  Thus, under the laws of Minnesota a lender must only reimburse a borrower who prepays when that prepayment results in an interest rate above 21.75%.

### 2. **Interest Rate**

Even if Plaintiff paid interest in an amount higher than the amount he originally contracted for, he did not pay interest in excess of 21.75%.  That is all that is at issue in this case.  Thus, even accepting all Plaintiff's factual allegations as true, Plaintiff has failed to state a claim upon which relief can be granted under 12 U.S.C. § 86.

Accordingly based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss [Doc. No. 4] is **GRANTED**; and

2. This case is **DISMISSED WITH PREJUDICE**.

L**ET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 20, 2007                                s / Michael J. Davis
                                                      Michael J. Davis
                                                      United States District Court